# UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF LOUISIANA

IN RE:        JOHNATHAN BATTISTE              CASE NO. 17-11121

DEBTOR                                         CHAPTER 13

## THIRD AMENDED CHAPTER 13 PLAN
## AND MOTION FOR FRBP RULE 3012 VALUATION

**Original Plan Dated**: December 4, 2017
**First Amended Plan Dated:** January 31, 2018
**Second Amended Plan Dated:** April 4, 2018
**Third Amended Plan Dated:** June 19, 2018

**To Creditors:**

**Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 15 days before the date set for the  hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance.  Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | Nonstandard provisions, set out in paragraph 12 | Included | (x) Not Included |
|---|---|---|---|
| 1.2 | A limit on the amount of a secured claim (cramdown), set out in paragraph 5(E), which ma y result in a partial payment or no pa yment at all to the secured creditor | Included | (x) Not Included |
| 1.3 | Avoidance of a judicial lien or nonpossessor y, nonpurchase mone y security interest, set out in paragraph 5(G) | Included | (x) Not Included |

**(2)    Payment and Term**

The Debtor's future earnings are submitted to the supervision and control of the trustee,

and the Debtor shall pay to the trustee **$896.83 monthly for months 1-2 and** $1263.00

**monthly for months 3-5, and $1268.31 for months 6-7, $1308.00 monthly for months 8-60.**

From the Debtor's payments to the trustee, the trustee shall distribute funds as provided in  this plan:

**This third amended plan was filed to correct the amount of home arrears due to the debtor's mortgage company as per their proof of claim, to pay the correct amount to AmeriCredit Financial Services for debtor's wife's vehicle, and to pay 100% of the unsecured creditors as per the claims register.**

**This second amended plan was filed to correct the name and address to GM Financial, for the creditor for debtor's 2009 Chevrolet Suburban from GMAC. This plan was also amended to include the debtor's priority tax claim to the Louisiana Department of Revenue, and to list the correct amount to be paid to the debtor's unsecured creditors.**

**The first amended plan was amended to cure the arrearages of Seterus according to their objection. The unsecured creditors receive more in this amended plan.**

**(3)    Trustee Claims**

The trustee shall receive **$89.69 for months 1-2 and $126.30 for months 3-5, and $126.83 for months 6-7, $130.80 for months 8-60,** as an administrative expense entitled to priority under 11 U.S.C. §507(a)(1) (ten percent (10%) of "payments under the plan").

**(4)    Priority Claims**

A.    ATTORNEY FEES

| Attorney's Name | Total Fees | Fees Debtor paid pre petition | Fees to be paid through the plan | Term (Months) | Monthly Installment |
|---|---|---|---|---|---|
| **Greg Gouner** | **$1500.00** | $728.50 | $771.50 | 1-2<br>3 | $375.00<br>$21.50 |
| **Sonya D. Ryland** | $1500.00 | $728.50 | $771.50 | 1-2<br>3 | $375.00<br>$21.50 |

B.    TAXES

The following claims entitled to priority under 11 U.S.C. §507 shall be paid in full in deferred cash payments unless the holder of a claim has agreed to a different treatment of its claim, as specified in paragraph 12.

| Name of Creditor | Amount of Claim | Term (Months) | Monthly Installment |
|---|---|---|---|
| **Louisiana Department of Revenue<br>P.O. Box 66658<br>Baton Rouge, LA 70896** | $282.82 | 1-5<br>6-59<br>60 | $0.00<br>$5.14<br>$5.26 |

    C.    DOMESTIC SUPPORT OBLIGATIONS ("DSO")

        1.    <u>Ongoing DSO claims</u>

            a. None. If none, skip to paragraph (5) "Secured Claims" below.

            b.    Debtor(s) shall pa y all **post-petition DSO** claims **directly to the holder(s)** of the claim(s), and not through the chapter 13 trustee.

            c.    List the name(s) and address(es) below of the holder(s) of any DSO as defined in 11 U.S.C. §101(14A). Do not disclose names of minor children, who must be identified only as "Minor child #1," "Minor child #2," etc. *See* 11 U.S.C. §112.

| Name of DSO claim holder | Address, city, state and zip | Monthly payment |
|---|---|---|
| **-NONE-** | | $ |

        2.    <u>DSO Arrearages</u>

            a. None. If none, skip to paragraph (5) "Secured Claims" below.

            b.    The trustee shall pay DSO arrearages from the Debtor's plan payments. List the name and address of the holder of every DSO arrearage claim, amount of arrearage claim and monthly payment below. Do not disclose names of minor children, who must be identified only as "Minor child #1," "Minor child #2," etc. *See* 11 U.S.C. §112.

| Name and address of DSO claim holder | Arrearage Claim Amount | Term (Months) | Monthly Installment |
|---|---|---|---|
| Name: <br> Address: | $ | | $ |

    c.    Except to the extent arrearages are included in the order, prepetition assignment orders shall remain in effect and the Debtor shall continue to make payments pursuant to the terms of the order.

    3. <u>DSO assigned or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>

    a. None.  If none, skip to paragraph (5) "Secured Claims" below.

    b.    Pursuant to any pre-petition income assignment order, the Debtor shall make all post-petition payments on DSO claims assigned to a governmental unit directly to the assignee of the claim.

    c.    List the name and address of the holder of every assigned DSO arrearage claim, amount of arrearage claim and monthly payment amount or other special provisions below.  The Debtor also shall describe in detail any special provisions for payments of these claims in paragraph 12 of this plan.

| Name and address of DSO claim holder | Arrearage Claim Amount | Term (Months) | Monthly Installment |
|---|---|---|---|
| Name: | $ | | $ |
| Address: | | | |

**(5)**     **Secured Claims**

    A.    PRINCIPAL RESIDENCE

    1.    <u>Current Payments</u>

Except as otherwise provided in this plan or by court order, and pursuant to 11 U.S.C. §1322(b)(5) and (c), after the date of the petition and throughout this chapter 13 case, the Debtor shall timely make all usual and regular payments required by the debt instruments secured by non-voidable liens on real property (*i.e.,* immovable property) that is the Debtor's principal residence, directly to each of the following lien creditors:

| Lienholder | Security Interest | Address of Property/Collateral | Monthly Installment* |
|---|---|---|---|
| Seterus Inc<br>14523 SW Millican Way St.<br>Beaverton, OR 97005 | Mortgage | 58465 Bayou Road<br>Plaquemine, LA 70764 | $1,185.86 |

*Monthly installment subject to escrow and interest rate changes as provided in note and mortgage.

    2.    Cure of Arrearages

From funds available for distribution, the trustee shall pay arrearages to lienholders identified in paragraph 5(A)(1) in monthly installments until the allowed arrearage claim of each lienholder has been satisfied. *See* 11 USC §1322(b)(3), (5) and (c).

| Lienholder | Pre- or Post Petition | Total Amount of Arrearages | Remaining Term (Months) | Monthly Installment |
|---|---|---|---|---|
| **Seterus Inc**<br>**14523 SW Millican Way St.**<br>**Beaverton, OR 97005** | **Pre-Petition** | $24,121.87 | 1-2<br>3-7<br>8-59<br>60 | $0.00<br>$403.00<br>$417.11<br>$417.15 |

    B.    SURRENDER OF PROPERTY

Confirmation of this plan shall constitute the Debtor's surrender to the following holders of secured claims, in satisfaction of their secured claims, all the Debtor's rights under the Bankruptcy Code, this plan, or applicable non-bankruptcy law to the Debtor's interest in the property securing the claims:

| Lienholder | Amount of Secured Claim* | Description of Collateral |
|---|---|---|
|  |  |  |

*****Creditors contesting the proposed amount of a secured claim must file an objection by the**

time prescribed by applicable local rules.  The court will take evidence to determine the value of the secured claim at the hearing on confirmation, pursuant to Federal Rule of Bankruptcy Procedure 3012.  The creditor must file a timely proof of claim in order to be paid.

Confirmation of this plan will terminate the stay under 11 USC §§362 and 1301 to allow lienholders to exercise non-bankruptcy law remedies as to the collateral. No further motion seeking stay relief is required.

    C.    PRE-CONFIRMATION ADEQUATE PROTECTION

Pursuant to the order of the court, all adequate protection payments to secured creditors required by §1326(a)(1) shall be made through the Chapter 13 trustee, unless otherwise ordered, in the amount provided in the plan for that creditor.  Adequate protection payments shall be subject to the trustee's fee as set by the designee of the United States Attorney General and shall be made in the ordinary course of the trustee's business from funds on hand as funds are available for distribution to creditors who have filed a claim.

| Creditor name, address, and last four digits of account number | Security | Claim Amount | Term (Months) | Monthly Installment |
|---|---|---|---|---|
| Name: **Capital One Bank** | **2015 Chevrolet Silverado** | **$23,709.50** | **1-2** | **$25.00** |
| Address:<br>**Attn: General Correspondence/Bnkruptcy**<br>**PO Box 30285**<br>**Salt Lake City, UT 84130** | | | | |
| Last 4 digits of acc't no: **1001** | | | | |
| Name: **GM Financial** | **2009 Chevrolet Suburban** | **$9504.36** | **1-2** | **$25.00** |
| Address:<br>**Attn: Bankruptcy Department**<br>**801 Cherry Street, #3500**<br>**Fort Worth, TX 76102** | | | | |
| Last 4 digits of acc't no: **0000** | | | | |

    D.    SECURED CLAIMS NOT DETERMINED UNDER 11 U.S.C. §506 This subsection provides

for treatment of allowed claims secured by a purchase money security interest in a vehicle acquired for the Debtor's personal use, incurred within **910 days** before the date of the petition, or other collateral for debt **incurred within one year** before the date of the petition. *See* "hanging paragraph" following 11 U.S.C. §1325(a)(9).

After confirmation, the trustee will make installment payments to the holder of each listed allowed secured claim after subtracting the pre-confirmation adequate protection payments from the amount of the claim.

| Name of Creditor | Description of Property | Claim Amount | Discount Rate | Remaining Term (Months) | Monthly Installment |
|---|---|---|---|---|---|
| **Capital One Bank Attn: General Correspondence/Bnkruptcy PO Box 30285 Salt Lake City, UT 84130** | 2015 Chevrolet Silverado | $23,709.50 | 5% | 3-60 | $463.89 |
| **GM Financial Attn: Bankruptcy Department 801 Cherry Street, #3500 Fort Worth, TX 76102** | 2009 Chevrolet Suburban | $9,504.36 | 5% | 3-7<br>8-60 | $175.49<br>$186.42 |

E. SECURED CLAIMS DETERMINED UNDER 11 U.S.C. §506 Any secured claims not treated in paragraphs 3(A), (B), (C), (D), (F) or (G) shall be determined under 11 U.S.C. §506(a), Federal Rule of Bankruptc y Procedure 3007 and 3012. The trustee shall make payments to the claim holder in an amount not less than the allowed secured claim as of the effective date of the plan. Each holder of a secured claim shall retain the lien securing the claim until the secured value, as determined b y the court, or the amount of the claim, whichever is less, is paid in full. The holders of the secured claims, the Debtor's proposed value and treatment of the claims are set forth below:

| Name of Creditor | Description of Property | Value of Claim | Discount Rate | Remaining Term (Months) | Monthly Installment |
|---|---|---|---|---|---|

|  |  | $ |  |  | $ |
|---|---|---|---|---|---|

F. OTHER DIRECT PAYMENTS TO CREDITORS HOLDING SECURED CLAIMS

After the date of the petition and throughout this chapter 13 case, the Debtor shall timely make all usual and regular payments required by the debt instruments secured by non-voidable liens <u>directly</u> to each of the following lien creditors:

| Creditor | Security Interest | Description of Property/Collateral | Monthly Installment |
|---|---|---|---|
|  |  |  | $ |
| Reason for direct payment: | | | |

G. MOTIONS TO AVOID LIEN

The Debtor intends to avoid a judicial lien or nonpossessory, nonpurchase-money security interest held by creditors listed in this section. The Debtor must file a motion to avoid the lien or security interest; confirmation of this plan alone will not have any effect on the lien or security interest.

| Lienholder | Amount of Claim | Nature of Lien to be Avoided |
|---|---|---|
|  | $ |  |
|  | $ |  |

**(6) Unsecured Claims**

A. CLASS A

Class A comprises creditors holding allowed unsecured claims, except those allowed unsecured claims treated in paragraph 4(B). Their claims shall be paid *pro rata* over the period of the plan as follows:

| Total Amount of Unsecured Claims (as scheduled)* | Discount Rate | Term (Months) | Monthly Installment |
|---|---|---|---|

| | | | |
|---|---|---|---|
| $5,513.50 | 3% | 1-2<br>3<br>4-5<br>6-7<br>8-59<br>60 | $7.15<br>$51.32<br>$94.32<br>$93.96<br>$104.64<br>$104.48 |

*Informational purposes only; to be included in Class A the claims must be allowed.

    B.    CLASS B [IF APPLICABLE]

Class B comprises creditors holding allowed unsecured claims for which a co-Debtor is liable. To maintain the stay of actions against the co-Debtor pursuant to 11 U.S.C. §1301, the trustee shall pa y these creditors one hundred percent (100%) of their allowed claims plus interest, as follows:

| Name of Creditor | Claim Amount | Discount Rate | Term (Months) | Monthly Installment |
|---|---|---|---|---|
|  | $ |  |  | $ |

    C.    CLASS C [IF APPLICABLE]

Class C comprises creditors holding allowed unsecured claims treated separately in a manner that does not discriminate against other unsecured creditors.

| Name of Creditor | Claim Amount | Reason |
|---|---|---|
|  | $ |  |

**(7)    Liquidation Value**

The liquidation value of the estate is **$140,061.75.**

**(8)    Present Value of Payments to Class A Unsecured Creditors**

The present value of the payments to be made to unsecured creditors under the plan using a **3%** annual discount rate is **$5,513.50.**

**(9)   Executory Contracts and Unexpired Leases**

The Debtor [accepts or rejects] the following leases or executory contracts:
The Debtor shall make all post-petition payments on assumed executor y contracts and unexpired leases directly to the creditor beginning with the first payment due after the petition date.

**(10)   Attorney's Fees for Debtor's Counsel**

Confirmation of the plan shall constitute approval of the fees and expenses, unless the court disallows or reduces them.

**(11)   Vesting of Property**

Upon confirmation of this plan, all property of the Debtor's estate shall vest in the Debtor subject to any mortgages, liens or encumbrances not dealt with in the plan or the order confirming the plan.

**(12)   Non-Standard Provisions**

**Any non-standard provision placed elsewhere in this plan is void.**

**This third amended plan was filed to correct the amount of home arrears due to the debtor's mortgage company as per their proof of claim, to pay the correct amount to AmeriCredit Financial Services for debtor's wife's vehicle, and to pay 100% of the unsecured creditors as per the claims register.**

This second amended plan was filed to correct the name and address to GM Financial, for the creditor for debtor's 2009 Chevrolet Suburban from GMAC. This plan was also amended to include the debtor's priority tax claim to the Louisiana Department of Revenue, and to list the correct amount to be paid to the debtor's unsecured creditors.

The first amended plan was amended to cure the arrearages of Seterus according to their objection. The unsecured creditors receive more in this amended plan.

## CERTIFICATE OF COUNSEL

Page 10 of 11

I certify that I have explained the terms and conditions of, and obligations under, the foregoing plan to the Debtor(s).

**CERTIFICATION OF COUNSEL OR UNREPRESENTED DEBTOR(S) REGARDING NON-STANDARD PROVISIONS**

I certify that this plan contains no non-standard provisions other than those set out in paragraph 12 and that any non-standard provision placed elsewhere in this plan is void.

Baton Rouge, Louisiana, this **19th** day of **June**, **2018.**

/s/ Sonya D. Ryland
Sonya D. Ryland

**Plan Dated: June 19, 2018.**

/s/ Johnathan Battiste
Johnathan Battiste